IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND V. HINTZ, | ) | No. C 09-0322 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| JOHN BEAUDIN, JULIE RASMUSSEN, | ) | (Docket Nos. 3, 4) |
| Defendants. | ) | |

Plaintiff, a prisoner of the State of California currently incarcerated at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 against two private individuals, a private investigator and a witness against Plaintiff in a criminal proceeding, alleging that they defrauded him and violated his "federal civil rights." The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief. As such, Plaintiff's motions seeking appointment of counsel and service of the complaint are now DENIED as moot (docket nos. 3, 4).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to

state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Plaintiff has sued two private individuals. A private individual generally does not act under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Therefore, Plaintiff's claims are DISMISSED without prejudice to Plaintiff bringing the claims in a court which has jurisdiction to hear them.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: February 2, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HINTZ,

        Plaintiff,

v.

BEAUDIN et al,

        Defendant.
_____/

Case Number: CV09-00322 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond V. Hintz
P.O. Box 1050
T61998
Soledad, CA 93960

Dated: February 2, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk